Honorable Mike Atkins Office of the County Attorney Ector County Room 223, Courthouse Odessa, Texas 79761
Re: Whether a former district judge may purchase credit under the Judicial Retirement Act for prior military service even though he is not serving as a judge at the time of the purchase.
Dear Mr. Atkins:
You have requested our opinion as to whether a former district judge may purchase credit for prior military service even though he is not at that time serving as a district judge.
Section 2A of article 6228b, V.T.C.S., provides:
 Any contributing member of the Judicial Retirement System who has completed eight (8) or more years of service creditable under the Judicial Retirement Act (article 6228b, Vernon's Texas Civil Statutes) and who is not receiving nor eligible to receive a federal military retirement based upon twenty (20) or more years of federal military active duty service or the equivalent thereof may receive creditable service for not more than forty-eight (48) months of federal military active duty service performed during time of armed conflict by paying to the Judicial Retirement System for deposit in the General Revenue Fund an amount equal to 6 percent of his current monthly salary for each month of such military service established.
Thus, in order to be permitted to obtain creditable service for prior military service, an individual must be a `contributing member of the Judicial Retirement System' at the time of the purchase of such creditable service. In Attorney General OpinionH-1149 (1978), this office said that a judge is a `contributing member' if, during a particular month, he makes any contribution to the Judicial Retirement System.
A judge is required to make a contribution to the System for any period in which he receives a salary. V.T.C.S. article 6228b, section 5. By directing the Comptroller to deduct the appropriate amount, in this case 6 percent, from the judge's salary, Attorney General Opinion H-667 (1975), the statute implies that receipt of a salary is a prerequisite for making a contribution to the System, and that a judge who receives no salary during a particular month makes no contribution, and hence is not a `contributing member' during that month. We conclude that a judge is not permitted to obtain creditable service for prior military service during any month in which he receives no salary for services rendered as a judge.
Article 6821, V.T.C.S., requires, however, that a person receive a salary for any service rendered as a special judge under section 5 of article 11 of the Texas Constitution or statutes such as V.T.C.S. articles 1885, et seq. From that salary, the Comptroller is directed to withhold the appropriate amount as a contribution to the Judicial Retirement System. V.T.C.S. article 6228b, section 5; Attorney General Opinion H-1149 (1978). Thus, during any month in which a person serving as a special judge is entitled to receive a salary under article 6821, V.T.C.S., he is a `contributing member' of the Judicial Retirement System, and, as such, is entitled to purchase credit for prior military service pursuant to section 2A of article 6228b, V.T.C.S.
 SUMMARY
A former district judge may not purchase credit for military service unless he is at such time serving as a district judge or as a special judge.
Very truly yours,
 Mark White Attorney General of Texas
 John W. Fainter, Jr. First Assistant Attorney General
 Ted. L. Hartley Executive Assistant Attorney General
 Prepared by Rick Gilpin Assistant Attorney General